233 P.3d 906 (2010)
Bill TOBIN and Susan Tobin, a marital community, Appellants,
v.
Stephanie WORDEN, individually and as Director, King County Department of Development and Environmental Services; Paula Adams, individually and as Communications Director, King County Department of Development and Environmental Services; and King County Department of Development and Environmental Services, a subdivision of King County, Washington, a municipal corporation, Respondents.
No. 60929-7-I.
Court of Appeals of Washington, Division 1.
June 21, 2010.
Michael G. Brannan, Law Office of Michael Brannan, Edmonds, WA, David S. Vogel, Law Offices of David S. Vogel, Seattle, WA, for Appellants.
Youn-Jung Kim, King Co. Pros. Office, Seattle, WA, for Respondents.
GROSSE, J.
¶ 1 The one year statute of limitations within which to bring an action under the Public Records Act (PRA), chapter 42.56 RCW, does not begin to run until he agency either claims an exemption or last produces a record on a partial or installment basis. Here, the agency did not claim an exemption for the requested records nor did it produce a record on a partial or installment basis; it simply provided a single requested document with redactions and failed to provide at all *907 another requested document. Thus, the one-year statute of limitations was never triggered and the trial court erred by dismissing the PRA claims as time barred. Accordingly, we reverse.

FACTS
¶ 2 On April 22, 2005, Susan Tobin made a public records request by e-mail to the director of King County's Department of Development and Environment Services (DDES) for "a copy of any complaints filed against [her] Vashon Island property, parcel XXXXXXXXXX." In response, on or about May 3, 2005, DDES sent her a copy of a one page handwritten complaint that had some portions redacted. There was no correspondence accompanying this document or other reference to Tobin's public records request.
¶ 3 Tobin then learned that Greg Wessel, a DDES agent who was investigating the Tobins' property for code violations, had received a similar anonymous complaint against other property owners, the Fergusons. Tobin made another public records request to DDES for a copy of that complaint, stating:
I am requesting a copy of the anonymous letter received by code enforcement on or around 11/24/04 regarding file # E0401001. This letter apparently constituted an additional complaint against this landowner.
In response, DDES sent Tobin a letter stating:
Thank you for your public disclosure request, which I received via e-mail on June 2, 2005. In your e-mail, you requested a copy of the anonymous letter received by Code Enforcement on or around 11/24/04 regarding Code Enforcement case # E0401001.
The pertinent document is enclosed with this letter. It is not, in fact, a letter from the complainant, but rather the internal staff notes from a phone call placed by the complainant. As you will see, the complainant has requested to remain anonymous.
I trust that this responds fully to your public disclosure request. If you have questions or need additional information, please do not hesitate to contact me directly at XXX-XXX-XXXX.
The document that was enclosed was a copy of a telephone log of a call received on November 5, 2004, relating to an anonymous complaint about the Ferguson property.
¶ 4 Tobin then wrote back to DDES and stated that the document she requested was in fact a letter received on November 24, 2004:
The document I am looking for was referenced in Greg Wessel's e-mail to Lamar Reed dated 11/24/2004 ("I received an anonymous letter today...."). It appears to be a second complaint against this property.
Tobin also included a copy of Wessel's e-mail referencing the November 24, 2004 complaint. In response, DDES sent her a letter stating:
I apologize that we erred in properly retrieving the document you originally requested. I am working with Greg Wessel and the Code Enforcement section and I believe that the enclosed letter fulfills your original request.
But the enclosed document was not a copy of the requested complaint against the Ferguson property; it was another copy of the one page redacted complaint against the Tobin property that had already been provided in response to Tobin's first records request. DDES did not provide any further responses to Tobin's records requests.
¶ 5 On October 12, 2005, based on an investigation of the anonymous complaint against their property, DDES issued an administrative finding of a code violation against the Tobins. On October 26, 2005, the Tobins appealed the order to the King County Hearing Examiner. During a pretrial conference, the Tobins made discovery requests from the county for a copy of the original anonymous complaint against them without redactions and a copy of the complaint against the Ferguson property that they never received.
¶ 6 In response to the discovery requests, the prosecutor informed the Tobins that the original complaint against the Tobin property "had been misplaced in the copying process" and the county was unable to produce it. *908 The prosecutor also provided the Tobins with a copy of the DDES file on the Ferguson property, but it did not include the requested anonymous complaint letter and the prosecutor informed them that the county was unable to locate the letter. On February 23, 2007, the hearing examiner dismissed the notice and order against the Tobins. The court noted that dismissal was an appropriate remedy in part as a sanction against DDES for "the loss while in DDES custody of the unredacted original complaint document."
¶ 7 On August 27, 2007, the Tobins filed a complaint against the county alleging violations of the PRA. The county moved for summary judgment, contending that the complaint was time-barred by the statute of limitations. On October 12, 2007, after a hearing, the trial court granted the county's summary judgment motion and dismissed the Tobins' complaint. The trial court denied the Tobins' motion for reconsideration. The Tobins appeal.

ANALYSIS
¶ 8 In 2005, the legislature amended RCW 42.56.550(6) of the PRA to shorten the limitations period for actions brought under the act to one year.[1] That statute provides: "Actions under this section must be filed within one year of the agency's claim of exemption or the last production of a record on a partial or installment basis." When the meaning of statutory language is plain on its face, courts must give effect to that plain meaning as an expression of legislative intent.[2] Here, the plain language of the statute is clear that the one-year statute of limitations is triggered by one of two occurrences: (1) the agency's claim of an exemption or (2) the agency's last production of a record on a partial or installment basis. The Tobins argue that neither of these occurred in response to both of their records requests and therefore the one-year statute of limitations does not apply to bar their PRA claims. We agree.
¶ 9 The Tobins first contend that the county did not claim an exemption in its response to their first request for the anonymous complaint against their property. The record supports this contention. The only item the county provided was the redacted document with no further explanation, much less any claim of exemption.
¶ 10 The Tobins further contend that the redacted document was not the "last production of a record on a partial or installment basis" because it was the entirety of the requested record, not part of a larger record or series of records. Because the phrase "partial or installment basis" is somewhat ambiguous, we construe its meaning by looking to other provisions of the PRA.[3] RCW 42.56.080, which addresses "Facilities for copyingAvailability of public records," refers to the provision of records on "a partial or installment basis" and provides in part:
Public records shall be available for inspection and copying, and agencies shall, upon request for identifiable public records, make them promptly available to any person including, if applicable, on a partial or installment basis as records that are part of a larger set of requested records are assembled or made ready for inspection or disclosure. Agencies shall not deny a request for identifiable public records solely on the basis that the request is overbroad.[[4]]
Thus, a single document that is the entirety of the requested record, as was provided here, is not a record provided on "a partial or *909 installment basis" within the meaning of the PRA because it is not part of a larger set of requested records.
¶ 11 Additionally, as the Tobins assert, "partial" production as used in RCW 42.56.550(6) cannot be construed as simply withholding part of a record without explanation, as the county did here when it provided the redacted document, because such a "partial," i.e., incomplete, production is not authorized by the PRA. RCW 42.56.210(3) prohibits an agency's withholding of a part of a record unless it claims an exemption.[5] Thus, the language "production of a record on a partial or installment basis" in RCW 42.56.550(6) can only be construed to mean the production of a record that is "part of a larger set of requested records," as described in RCW 42.56.080. Here, there is no dispute that the redacted document the county provided was the requested record in its entirety, not a partial production of a larger set of requested records.
¶ 12 The Tobins further contend that the county's response to their second records request for the Ferguson complaint was neither a claim of exemption nor the last production of a record on a partial or installment basis. The record fully supports this contention. The county did not claim an exemption because it mistakenly believed it provided the requested document in its entirety.[6] And the record is clear that the county did not produce the requested record at all, much less on a partial or installment basis; instead it twice produced documents that were not even requested. Additionally, the requested record was a single letter of complaint, not a larger set of records.
¶ 13 The county asserts that RCW 42.56.550(6) simply contemplates the agency's last response and contends that its last response, admittedly incorrect, was when it sent the second wrong document. But as discussed above, the statutory language is clear that the one-year statute of limitations is only triggered by two specific agency responsesa claim of exemption and the last partial productionnot simply the agency's "last" response. Had the legislature determined that the agency's last response would suffice, it would have expressly so stated.
¶ 14 Because none of the county's responses to the Tobins' records requests amount to a claim of exemption or the last production of a record on a partial or installment basis, the one-year statute of limitations does not apply to bar the Tobins' PRA claims. We therefore reverse the trial court's order dismissing those claims.
¶ 15 The Tobins also request attorney fees based on RCW 42.56.550(4), which provides for an award of reasonable attorney fees to the prevailing party:
Any person who prevails against an agency in any action in the courts seeking the right to inspect or copy any public record or the right to receive a response to a public record request within a reasonable amount of time shall be awarded all costs, including reasonable attorney fees, incurred in connection with such legal action.
This statute has been held to apply to costs and fees on appeal.[7] Because the Tobins are the prevailing party on appeal, they are entitled to their fees on appeal. But we remand to the trial court to determine those fees depending on the ultimate outcome of the PRA claims on the merits.
¶ 16 We reverse and remand.
WE CONCUR: COX and SPEARMAN, JJ.
NOTES
[1] RCW 42.56.550(6) (2005) (amended by Laws of 2005, ch. 483, § 5).
[2] Rental Housing Ass'n of Puget Sound v. City of Des Moines, 165 Wash.2d 525, 536, 199 P.3d 393 (2009).
[3] In construing the PRA, courts look at the act in its entirety in order to enforce the law's overall purpose. Rental Housing Ass'n, 165 Wash.2d at 536, 199 P.3d 393.
[4] (Emphasis added.); see also RCW 42.56.120, which provides: "If an agency makes a request available on a partial or installment basis, the agency may charge for each part of the request as it is provided." (Emphasis added.) Thus, it contemplates "partial and installment" productions only in the context of requests for larger sets of records that consist of several parts.
[5] RCW 42.56.210(3) provides:

Agency responses refusing, in whole or in part, inspection of any public record shall include a statement of the specific exemption authorizing the withholding of the record (or part) and a brief explanation of how the exemption applies to the record withheld.
[6] The county's response letters stated: "I trust that this responds fully to your public disclosure request." "I believe that the enclosed letter fulfills your original request."
[7] Progressive Animal Welfare Soc'y v. University of Wash., 125 Wash.2d 243, 884 P.2d 592 (1994).