FILED
COURT OF APPEALS
DIVISION II

2013 APR 30 AM 8: 36

STATE OF WASHINGTON

BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| JEFFREY R. MCKEE, | No. 41682-4-II |
| Appellant, | |
| v. | |
| WASHINGTON STATE DEPARTMENT OF CORRECTIONS, | UNPUBLISHED OPINION |
| Respondent. | |

PENOYAR, J. — In November 2006, Jeffrey McKee requested public records from the Washington State Department of Corrections (Department) regarding a pod restriction placed on him that month at a private correctional center in Arizona under contract with the Department. In December, the Department informed McKee that it did not find any records responsive to his request at the Department and that he should contact appropriate staff at the correctional center in Arizona about any such records it might have. In August 2009, McKee, through a separate request, obtained an e-mail that Department staff had generated in December 2006 about his request; the e-mail mentioned two records that apparently were at the correctional center: a "kite"[1] McKee had written to the center about his pod restriction and a log book.

In June 2010, McKee sued the Department for violations of the Public Records Act (PRA).[2] The trial court found that the PRA's one-year statute of limitations applied and dismissed the case as untimely.

---

[1] A "kite" is a written correspondence, usually from an inmate to prison personnel requesting some kind of service.

[2] Ch. 42.56 RCW.

McKee appeals, arguing that the trial court erred by (1) dismissing his case as time-barred, (2) finding that the PRA's statute of limitations applied and began running when the Department sent him its last response, and (3) finding *sub silentio* that McKee knew or should have known that the Department had not disclosed or produced all requested records.

The only records that McKee alleges he should have received but did not are the kite and log book. But McKee, having written the kite himself in 2006, knew back then that he had not received all records that might have been responsive to his request; he cannot wait for over three years to make this claim. His action is therefore time-barred under any of the statutes of limitations proposed in this case. Without determining the applicable statute of limitations, we affirm.

FACTS

I.  BACKGROUND

Jeffrey McKee, a Department prisoner, was housed at the Corrections Corporation of America Florence Corrections Center (CCA/FCC) in Arizona during November 2006. CCA/FCC is a private facility under contract to house Department prisoners. On November 21, McKee was put on a pod restriction.

On November 24, 2006, McKee wrote to Lyn Francis, the Department's Public Disclosure Coordinator, requesting "any and all documents related to the pod restriction that was placed on me here at FCC/CCA on November 21, 2006." Clerk's Papers (CP) at 85. McKee repeated and expanded on this request on November 29 when he handed a letter to James C. Miller, the Department's On-Site Contract Monitor at CCA/FCC. In the letter, McKee asked for "[a]ny and all documents to include e-mail, notes, phone records, infraction reports/wright-ups

[sic], log books that relate to the pod restriction that was placed on myself on November 21, 2006." CP at 91.

On December 18, 2006, Francis received an e-mail from Miller that discussed McKee's records request.[3] In his email, Miller wrote:

> Good afternoon Lyn [Francis], per our previous conversation relating to offender McKee's request[,] the State of Washington did not generate any documents related to Offender McKee being on pod restriction. Also, there is no know[n] infraction related to this incident. Corrections Corporation of America/Florence Correction Center (CCA/FCC) has answered a kite from Offender McKee addressing this issue as well as a log book that talks about pod restriction but once again these are all documents generated by CCA/FCC.

CP at 100.

On December 26, 2006, following some other correspondence, Francis wrote McKee with a final response to his public records request regarding his pod restriction. Francis informed McKee that there was no known infraction related to McKee's placement in pod restriction, that the Department did not possess any documents responsive to his request, and that McKee needed to contact CCA/FCC for any documents related to his request.[4]

As of December 26, 2006, the Department did not have the records McKee sought. The kite, the log book, and any other records regarding his pod restriction were all in Arizona at CCA/FCC.[5]

---

[3] McKee obtained this e-mail in August 2009 through a separate records request.

[4] Notwithstanding Francis's final response, McKee alleged in his complaint that he "made several more requests to the Department over the next year [2007] requesting where the log book, infraction and other records related to the pod restriction were, or why they were not retained." CP at 73.

[5] We do not address whether the Department had an obligation to obtain these records from CCA/FCC in responding to McKee's request.

41682-4-II

II.  PROCEDURAL BACKGROUND

McKee filed a complaint against the Department in Thurston County Superior Court on June 28, 2010. McKee claimed that the Department had withheld at least his kite and a log book and, thus, had violated the PRA with respect to his request for records on his pod restriction. As a result, McKee claimed he was entitled to the PRA's statutory penalties.

On August 23, 2010, the Department filed a motion to dismiss, arguing that the PRA's one-year statute of limitations[6] barred McKee's claims. On November 3, 2010, McKee filed his response to the Department's motion along with a supporting declaration and several exhibits. The next day the Department filed its reply. The trial court heard oral argument the following day.

At the hearing, the Department argued for application of the PRA's one-year statute of limitations, or, in the alternative, the two-year catch-all statute of limitations at RCW 4.16.130. McKee countered that his case did not fit within the language of the one-year statute of limitations. The trial court found that the PRA's one-year statute of limitations applies "when there is a denial of any records" and that the statute started running when the Department told McKee it didn't have any records.[7] Report of Proceedings at 15. The court then signed an order dismissing the case.

McKee timely appeals.

---

[6] RCW 42.56.550(6) sets out this statute of limitations: "Actions under this section must be filed within one year of the agency's claim of exemption or the last production of a record on a partial or installment basis."

[7] The trial court appears to have confused the day of Miller's e-mail to Francis (December 18, 2006) with the day Francis wrote McKee that the Department did not have any responsive records (December 26, 2006) when it identified December 18, 2006, as the day the statute starting running.

4

ANALYSIS

Though the Department moved for judgment on the pleadings under CR 12(c), the trial court considered matters outside the pleadings, treating the matter more like a summary judgment motion under CR 56. Our review is de novo under either rule. *Pasado's Safe Haven v. State*, 162 Wn. App. 746, 752, 259 P.3d 280 (2011) (judgment on the pleadings); *McKee v. Dep't of Corr.*, 160 Wn. App. 437, 446, 248 P.3d 115 (2011) (summary judgment). Also, we review all agency actions taken or challenged under the PRA de novo. RCW 42.56.550(3). Finally, "a cause of action accrues when a party has a right to seek relief in the courts." *Colwell v. Eising*, 118 Wn.2d 861, 868, 827 P.2d 1005 (1992).

The parties argue whether a one-, two-, or three-year statute of limitations applies.[8] But McKee did not even file his complaint until more than three years after the Department's final response in December 2006 to his request. And before receiving this final response, McKee himself had created one of the records he now complains he did not receive through this request: the kite he wrote to CCA/FCC regarding his pod restriction. Given that the response to McKee's records request should have included—according to his own complaint—a record he himself created, we can unequivocally conclude that McKee's cause of action accrued the moment he received a final response from the Department that did not identify or deliver to him that self-made record. But rather than exercise his right to seek relief in the courts at that time, McKee waited over three years to bring the action, beyond any statute of limitations proposed here. His action is therefore time-barred regardless of which statute of limitations may apply, and so we affirm.

---

[8] On appeal, McKee argues that the three-year statute of limitations at RCW 4.16.080 should apply.

5

41682-4-II

We do not award McKee the attorney fees he has asked for on appeal under RCW 42.56.550(4) because he has not prevailed in his PRA action.

Affirmed.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Penoyar, J.

We concur:

Quinn-Brintnall, J.

Van Deren, J.

6