IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| JEFFREY R. MCKEE, | ) | No. 36354-6-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| WASHINGTON STATE DEPARTMENT | ) | |
| OF CORRECTIONS, | ) | |
| | ) | |
| Respondent. | ) | |

PENNELL, C.J. — Jeffrey McKee has filed a pro se appeal of an order dismissing his claims for relief under the Uniform Health Care Information Act (UHCIA), chapter 70.02 RCW. We affirm.

FACTS

The Washington State Department of Corrections (the Department or DOC) facilitates medical care for its inmates and is a medical provider for purposes of the UHCIA. Mr. McKee was housed at the DOC's Coyote Ridge Corrections Center in 2014. While there, he requested a review of his medical records under the UHCIA.

The Coyote Ridge facility provided Mr. McKee with a medical file review on January 8, 2015. Mr. McKee filed a lawsuit in Franklin County Superior Court under the UHCIA that same day, asserting the Department had not provided him a timely review.

Mr. McKee was then transferred to the DOC's Airway Heights Corrections Center. In 2016 and 2017, Mr. McKee made additional UHCIA requests, this time from the Airway Heights facility. The Department afforded Mr. McKee an opportunity to review his paper medical file after both requests. At both reviews, Mr. McKee's medical file included a CD (compact disc), of which he was unable to access the contents.

In June 2017, Mr. McKee filed the action subject to this appeal in Spokane County Superior Court, alleging the Department had failed to timely provide him his complete medical and mental health file. Specifically, Mr. McKee claimed he was not allowed to timely review his "electronic health care information" and the CD which he claimed contained his X-rays. Clerk's Papers (CP) at 3-4. He also challenged the Airway Heights facility's policy that limited medical file reviews to once every six months.[1] In his complaint, Mr. McKee sought an order of compliance for full disclosure of his medical and mental health information, "declaratory and injunctive relief," and attorney fees and costs. *Id*. at 4. Mr. McKee did not seek actual damages under RCW 70.02.170(2).

---

[1] The Department represents the six-month review policy is no longer enforced.

During discovery in the Spokane County case, the Department repeatedly asked Mr. McKee to identify the medical records he believed he had not been allowed to review. Mr. McKee simply reiterated his claims that the Department had withheld his X-rays and "all the health care information that is contained in electronic format." *Id.* at 264. In November 2017, the Department's counsel sent Mr. McKee a letter asking him to clarify what information he needed to see. Counsel informed Mr. McKee the Department held his X-rays in hard copy and electronic format. The hard copies were actual films stored at a facility in Thurston County. Counsel declined to transport the films to Mr. McKee because only one film existed of each X-ray, and they could not be safely shipped. Counsel also declined to send the actual films because he opined the UHCIA did not require him to do so. Instead, counsel offered to make the films available for inspection at the Attorney General's Office in Tumwater, or at the Department's headquarters. Counsel also told Mr. McKee copies of the films could be made and produced at Mr. McKee's expense.

Mr. McKee replied that he could not travel to Thurston County. He argued that inspection of the films in person would not resolve his lawsuit, because he claimed he was not allowed to review the contents of the CD, also containing X-rays, located in his paper file at the Airway Heights facility. Mr. McKee could not specify any electronically

3

stored medical information, other than his X-rays, which he had not been allowed to review.

In January 2018, the Department's counsel sent Mr. McKee a letter enclosing "every document that could conceivably fall within what [Mr. McKee was] considering 'electronic health care information.'" *Id.* at 275. Included in the over 400 pages of documents provided were screenshots of X-rays contained in the CD from the medical file. These X-rays were distinct from the actual films being stored in Thurston County. Counsel expressed his opinion that this disclosure was tantamount to the relief Mr. McKee was seeking in his lawsuit, and that the suit was now moot.

The Department subsequently moved to dismiss Mr. McKee's Franklin County lawsuit for mootness, and a hearing on the motion was held in March 2018. Mr. McKee moved to amend his complaint to include a claim that the Department had withheld his X-rays, asking for declaratory and injunctive relief. At a hearing on the motions, Mr. McKee conceded the Department had fulfilled its duty to inform him about his X-rays. The Franklin County Superior Court dismissed, without prejudice, Mr. McKee's lawsuit for mootness. At the conclusion of the hearing the Department stipulated Mr. McKee could amend the complaint in the Spokane County action to include any

outstanding issues from Franklin County.[2]

In April 2018, the Department moved to dismiss Mr. McKee's Spokane County lawsuit for mootness. The Department contended Mr. McKee's suit was moot because the Department had either provided him copies of his records from electronic databases, or given him the opportunity to physically inspect or pay for copies of his X-ray films stored in Thurston County. It further contended Mr. McKee's claims concerning the Airway Heights review policy were moot because the facility's handbook did not reflect current practice, and because Mr. McKee had never actually been denied a review under the policy. In support of its motion, the Department included affidavits from counsel evidencing that the Department had provided Mr. McKee screenshots of X-rays and a complete copy of his recorded health care information, including mental health records.

A hearing on the motion to dismiss was held on June 22, 2018. In response to the Department's argument that it provided Mr. McKee with all the records he was seeking, the trial court asked Mr. McKee what information he believed to be missing. Mr. McKee acknowledged he had not identified any in his response to the motion to dismiss. At the

---

[2] Spokane County Superior Court ultimately declined to grant Mr. McKee's motion to amend his complaint, as he used the motion to attempt to add new claims that were not a part of the stipulation of the parties at the conclusion of the Franklin County case.

hearing, the trial court determined the UHCIA did not require a provider to produce both written and electronic documentation of electronically stored records.

After the hearing, Mr. McKee filed a declaration where he reiterated his belief that he had not been allowed to review his complete medical and mental health record. Again, the only record he specifically identified that he had not been allowed to review was the contents of the CD in his medical file.

The trial court issued an order dismissing Mr. McKee's case in August 2018. The order stated Mr. McKee's claims were moot because the court could no longer provide him with any effective relief. The court sent the parties a letter explaining its ruling. In issuing its order the court stated that it reviewed the pleadings and various declarations filed over the course of the case. The court determined that relief under the UHCIA was limited to an order of compliance and actual damages, not declaratory and injunctive relief. It went on to find that the Department had provided Mr. McKee "400 pages of documents, including his medical and mental health records, x-ray screen shots, and a CD of x-rays. On [April 18, 2018], he was resent his mental health records." *Id*. at 24. As a result, the court concluded the Department had provided Mr. McKee his complete health care file, including mental health records. The court also found that the Department gave Mr. McKee an opportunity to review the X-ray films stored in Thurston

County when it provided him with the option of purchasing copies of the films, which he had declined. Because the court could not grant Mr. McKee any relief he had not already received, it dismissed his lawsuit for mootness.

In September, Mr. McKee filed a cost bill totaling $680 pursuant to RCW 4.84.030, RCW 4.84.190, and RCW 70.02.170(2). The Department filed an objection, contending Mr. McKee was not entitled to costs as he was not the prevailing party in his lawsuit. The Department also argued that a hypothetical award of costs to Mr. McKee would be offset by numerous judgments entered against Mr. McKee in previously adjudicated cases. The record does not include any court order addressing Mr. McKee's request for costs. According to the Department, the reason for the lack of an order is that Mr. McKee did not note the request for hearing. Mr. McKee does not challenge this representation.

Mr. McKee appeals the Spokane County Superior Court's order granting dismissal.

## ANALYSIS

The UHCIA recognizes a patient's right to access health care information. RCW 70.02.005(2). When a patient requests recorded health care information, a provider has 15 working days to respond. RCW 70.02.080(1). Generally, the provider must

7

"[m]ake the information available for examination during regular business hours and provide a copy, if requested, to the patient." RCW 70.02.080(1)(a). A health care provider may generally "charge a reasonable fee for providing the health care information and is not required to permit examination or copying until the fee is paid." RCW 70.02.080(2). If a health care provider fails to provide records as mandated by the UHCIA, the patient may initiate a civil action against the provider. Available remedies include an order of compliance, actual damages, attorney fees, and other reasonable expenses. RCW 70.02.170(2).

The dispute in this case turns on whether Mr. McKee's UHCIA claim was properly dismissed based on mootness. The Department argues that by the time it filed its motion to dismiss it had responded to Mr. McKee's UHCIA claim in full; thus, there was no further relief available, given Mr. McKee had not made a claim for actual damages. Mr. McKee responds there are outstanding factual questions for trial regarding whether the Department had provided all health care information. He also claims he should receive injunctive or declaratory relief addressing the propriety of Department regulations regarding how often inmates can review their medical files.

The parties agree their dispute is governed by the summary judgment standard. In the summary judgment context, our review is de novo with the essential question being

whether the case presents a genuine issue of material fact for trial. *Colo. Structures, Inc. v. Blue Mountain Plaza, LLC,* 159 Wn. App. 654, 661, 246 P.3d 835 (2011). The summary judgment process is governed by a burden shifting scheme. A defendant moving for summary judgment must first demonstrate the absence of evidence supporting the plaintiff's case. *Manna Funding LLC v. Kittitas County*, 173 Wn. App. 879, 887, 295 P.3d 1197 (2013). If this showing is made, "then the burden shifts to the plaintiff to establish there is a genuine issue for the trier of fact." *Colo. Structures*, 159 Wn. App. at 661. "The facts set forth must be specific, detailed, and not speculative or conclusory." *Manna Funding*, 173 Wn. App. at 887-88.

The only fact purportedly disputed in this case is whether or not the Department has supplied Mr. McKee with all required health care information. The Department has submitted evidence indicating Mr. McKee has been given copies of his full medical file, including mental health records. The Department has provided Mr. McKee with screen shots of some, if not all of his X-rays. It has also informed Mr. McKee that he can either inspect the original X-ray films stored in Thurston County at the Department's offices or its counsel's office, or pay for copies to be delivered to him. In response to the Department's motion, Mr. McKee failed to specify any missing records. Instead, he speculated that the records produced might be incomplete. In addition, he claimed that

given he is incarcerated in Spokane County, it is not sufficient for the Department to make records available to him to inspect in Thurston County.

We agree with the Department and the trial court that the record shows a lack of genuine material facts. The Department has satisfied its initial burden of demonstrating it has provided Mr. McKee will all responsive health care information. Mr. McKee fails to rebut this burden. In addition, the Department did not violate the UHCIA by informing Mr. McKee that he could either inspect X-ray films at its offices or its counsel's office, or pay for copies. Outside the context of Social Security benefit appeals, the UHCIA does not provide patients the right to free medical records. RCW 70.02.030(2)(b). Nor does the statute specify that patients must be allowed to inspect original records in person. Mr. McKee could have paid to get copies of the X-ray films stored in Thurston County and then inspected the copies at his prison facility.[3] Alternatively, Mr. McKee could have authorized a representative to inspect those same films on his behalf. Mr. McKee fails to show there are material facts in this case that should have been decided at trial.

_____

[3] Mr. McKee claims the right to inspect is distinct from the right to obtain copies, thus the Department's offer to provide copies is insufficient. We disagree. The UHCIA does not require patients be allowed to inspect the originals of their records, as opposed to a copy. Although RCW 70.02.080(2) requires a health care provider to provide explanations of any codes or abbreviations used in health care information, nothing in the statute states this must be done in person, while a patient is reviewing the records.

10

Given the absence of material facts, the final question is whether Mr. McKee has raised any sort of claim under the UHCIA that has not been mooted by the Department's production of his health care information. "A case is technically moot if the court cannot provide the basic relief originally sought, or can no longer provide effective relief." *Snohomish County v. State*, 69 Wn. App. 655, 660, 850 P.2d 546 (1993) (citation omitted). Dismissal is appropriate where a case is moot. *See Gronquist v. Dep't of Corr.*, 196 Wn.2d 564, 569, 475 P.3d 497 (2020). Mootness is a legal issue, reviewed de novo. *Id.*

We agree with the trial court that Mr. McKee's claims are moot. Mr. McKee argues that he should be awarded injunctive relief. But the only injunctive relief available under the UHCIA is an order of compliance. Because the Department provided all responsive records, no further injunctive relief was available. The only additional statutory forms of relief are actual damages, attorney fees, and reasonable expenses. Mr. McKee did not seek damages and was not represented by an attorney. Mr. McKee filed a cost bill, but was never "awarded" costs by the trial court as part of its decision dismissing the case. *See* CR 54(d)(1). It appears Mr. McKee failed to note his cost request for hearing, as required by CR 54 and the local rules for the Superior Court of Spokane County (LCR). *See* LCR 40. Had Mr. McKee properly noted his request for costs for

No. 36354-6-III
*McKee v. Dep't of Corr.*

hearing, he could have argued he was the prevailing party because the Department did not

fully comply with the UHCIA until after he filed suit.[4] However, Mr. McKee never

received a ruling on this issue. We will not provide relief in the first instance.[5]

Both parties request costs on appeal pursuant to RAP 18.1 and RCW 70.02.170(2).

RAP 18.1 permits a party to request an award of reasonable attorney fees and costs on

appeal in accordance with applicable law. RCW 70.02.170(2) states the court "shall

award reasonable attorneys' fees and all other expenses reasonably incurred to the

---

[4] At the summary judgment stage, Mr. McKee did not claim he had prevailed by obtaining his records through filing a lawsuit. Instead, Mr. McKee argued the Department had not met its burden of proving an absence of material facts. Thus, it was not error for the trial court not to address this issue in its order dismissing the case.

[5] We note Mr. McKee is an experienced pro se litigant and understands the importance of abiding by court rules. *See McKee v. Paratransit Srvs.*, 13 Wn. App. 2d 483, 466 P.3d 1135 (2020); *Dep't of Corr. v. McKee*, 199 Wn. App. 635, 399 P.3d 1187 (2017); *McKee v. Dep't of Corr.*, No. 33876-2-III (Wash. Ct. App. Aug. 16, 2016) (unpublished), https://www.courts.wa.gov/opinions/pdf/338762_unp.pdf; *McKee v. King County*, No. 70901-1-I (Wash. Ct. App. May 18, 2015) (unpublished), https://www.courts.wa.gov/opinions/pdf/709011.pdf; *McKee v. Dep't of Corr.*, No. 41682-4-II (Wash. Ct. App. Apr. 30, 2013) (unpublished), https://www.courts. wa.gov/opinions/pdf/D2%2041682-4-II%20%20Unpublished%20Opinion.pdf; *McKee v. Dep't of Corr.*, noted at 170 Wn. App. 1037 (2012); *McKee v. Kitsap County Prosecutor's Office*, noted at 162 Wn. App. 1032 (2011); *McKee v. Dep't of Corr.*, 160 Wn. App. 437, 248 P.3d 115 (2011). In fact, during the hearing on the Department's motion for dismissal in this case, Mr. McKee was reminded of the necessity to follow court rules and abide by filing deadlines.

12

No. 36354-6-III
*McKee v. Dep't of Corr.*

prevailing party." The Department is the prevailing party in this appeal. We are therefore

required by statute to grant its request for reasonable fees and costs.

CONCLUSION

The order of dismissal is affirmed. We grant the Department's request for

reasonable attorney fees and costs, subject to its compliance with RAP 18.1(d).

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____, C.J.
Pennell, C.J.

WE CONCUR:

_____
Fearing, J.

_____
Lawrence-Berrey, J