[No. 40831-7-II. Division Two. November 8, 2011.]

ROBERT EARLE JOHNSON, *Appellant*, v. THE DEPARTMENT OF CORRECTIONS, *Respondent*.

*Robert Earle Johnson*, pro se.

*Jon Tunheim, Prosecuting Attorney*, and *Sara J. Di Vittorio* and *Timothy N. Lang, Deputies*, for respondent.

¶1 Hunt, J. — Robert Earle Johnson appeals the superior court's dismissal of his Public Records Act (PRA)[1] action against the State of Washington Department of Corrections (DOC). He argues that the superior court erred in ruling

[1] Ch. 42.56 RCW.

that the PRA's one-year statute of limitations, RCW 42.56-
.550(6), barred his action because the DOC did not engage
in either of the statute's two triggering acts. We do not
address whether RCW 42.56.550(6) applies or whether, in
the alternative, RCW 4.16.130's general two-year "catch-
all" statute of limitations applies because, even under RCW
4.16.130's more lenient two-year statute of limitations,
Johnson's action was time barred. Accordingly, we affirm.

## FACTS

### I. BACKGROUND

¶2 The DOC has an "Extended Family Visiting" (EFV)
policy that "facilitates visits between an offender and
his/her family in a private visiting unit."[2] Under this policy,
before June 8, 2006, prisoners could participate in the EFV
program only if they had a "positive prognosis of release."
Clerk's Papers (CP) at 20. Apparently, this meant that a
prisoner was eligible for the EFV program only if he would
"outlive his sentence." CP at 3.

¶3 Robert Johnson is a prisoner over 60 years old whose
scheduled incarceration exceeds at least another 50 years.
In 2005, he filed a complaint in federal district court,
alleging that "the denial of his participation in the [EFV
program] was racially motivated." CP at 3. The DOC sub-
sequently revised its policy, removing this "positive progno-
sis of release" eligibility requirement, effective June 8,
2006.[3] CP at 20.

### A. August 16, 2006 PRA Request

¶4 On August 21, 2006, the DOC's Olympia Public Dis-
closure Unit received a letter from Johnson, dated August

---

[2] DOC Policy 590.100 (2010), *available at* http://www.doc.wa.gov/policies/files/590100.pdf.

[3] Nothing in the record suggests that the DOC revised its policy in response to Johnson's lawsuit.

16, 2006, requesting information about the DOC's draft policy revision that removed the "positive prognosis of release" criterion. CP at 22. Johnson asked for opinions, memos, research documents, and the names of the committee members who worked on the draft revision. Three days later, on August 24, the DOC sent a letter advising Johnson that (1) "the only information [the DOC] ha[s] is an email documenting approval of the change"; and (2) "[the DOC] [is] not required to maintain working files." CP at 24. On September 4, Johnson sent a $0.59 check for a copy of the one-page e-mail, and the DOC sent him the document.

### B. September 10, 2006 Duplicate PRA Request

¶5 A few days later, on September 10, Johnson sent an "expanded request"[4] to Judy Hubert, the McNeil Island Corrections Center Public Disclosure Coordinator, requesting the same information he had requested in the letter he had sent a few weeks earlier and to which the DOC had responded with the one-page document and explanation about why it had no additional documents to provide.[5] On September 18, the DOC sent Johnson a response letter stating, "[McNeil Island Corrections Center] does not retain the historical documents related to the review and revision of DOC policy. The [DOC] Headquarters Policy Office retains those historical files."[6] CP at 31. The DOC's letter advised Johnson that it was forwarding his request to the DOC's "Headquarters Public Disclosure Office." CP at 31. According to Johnson, he did not receive this September 18 letter.

¶6 On October 19, Johnson wrote another letter to Hubert, claiming, "I have not heard anything from you about

---

[4] Br. of Appellant at 4.

[5] In this so-called "expanded request," Br. of Appellant at 4, he also cited the Federal Freedom of Information Act, 5 U.S.C. § 552; the Federal Privacy Act, 5 U.S.C. § 552a; and the State Fair Campaign Practices Act, "RCW 42.17.010 to 42.17.350." CP at 28.

[6] Apparently Hubert herself, however, did not respond at this time.

my request for disclosure," and accusing Hubert of violating the Freedom of Information Act, the Privacy Act, and the Fair Campaign Practices Act. CP at 33. On November 13, Hubert wrote an apologetic letter back to Johnson (1) explaining that her September 18 response to his original request "was returned to [Hubert's] office in error"; (2) repeating her promise to forward Johnson's request to the "Headquarters Unit"; and (3) advising that she would "search [their] files to see if [McNeil Island Corrections Center] has any emails or input into the revision process." CP at 35.

¶7 On March 27, 2007, Johnson wrote Hubert another letter, stating that (1) although he had received her November 13 letter, he had not received any response from the DOC headquarters or any additional documents; and (2) he needed the additional requested documents immediately because the defendants in his federal civil rights case had moved for summary judgment. Again, this request was apparently a request for the same documents that he had requested originally and to which the DOC had previously timely sent the one-page document and accompanying explanation about its inability to provide additional documents.

¶8 On August 23, 2007, Gaylene Schave, from the DOC's Public Disclosure Unit in Olympia, wrote to Johnson explaining that Hubert had forwarded Johnson's request to her, acknowledging Johnson's request, and promising to contact him within five business days. On August 27, Schave again wrote Johnson, explaining, "I note that in August 2006, you were provided a 1 page memo responsive to a similar request. There are no additional records responsive to your request. As such, your request is considered closed." CP at 41.

## II. Procedure

¶9 On December 16, 2009, Johnson apparently filed a PRA action to compel production[7]; on February 3, 2010, he filed a motion to show cause in Thurston County Superior Court "why [the DOC's] Public Disclosure Unit withheld all documents, e-mails, and information" pertaining to Johnson's request under the Public Records Act (PRA),[8] chapter 42.56 RCW. CP at 6. In response, the DOC urged the superior court to deny Johnson's motion to show cause and to dismiss Johnson's action because RCW 42.56.550(6) time-barred his action. The superior court denied Johnson's motion to show cause and dismissed Johnson's action.

¶10 Johnson appeals.

## ANALYSIS

¶11 Johnson argues that the superior court erroneously dismissed his PRA action because the DOC never triggered the PRA's one-year statute of limitations under RCW 42.56.550(6)[9] and the DOC never fully responded to his

---

[7] The record before us on appeal does not include a copy of a complaint; we note, however, that the superior court later dismissed Johnson's "action" as untimely.

[8] RCW 42.56.550(1) provides:

Upon the motion of any person having been denied an opportunity to inspect or copy a public record by an agency, the superior court in the county in which a record is maintained may require the responsible agency to show cause why it has refused to allow inspection or copying of a specific public record or class of records. The burden of proof shall be on the agency to establish that refusal to permit public inspection and copying is in accordance with a statute that exempts or prohibits disclosure in whole or in part of specific information or records.

Effective July 22, 2011, the legislature amended RCW 42.56.550(4) to permit trial courts to award plaintiffs less than $5.00 per day of PRA violation. Laws of 2011, ch. 273, § 1. This legislative change to the daily penalty amount, however, did not change RCW 42.56.550(1) and does not otherwise pertain to this case.

[9] Johnson does not argue what statute of limitations does apply if the one-year limitation of RCW 42.56.550(6) does not apply. Rather, he baldly argues that because the one-year statute of limitations was not triggered, his action was timely.

request for documents. Even if the DOC did not trigger the PRA's one-year statute of limitations, RCW 4.16.130's two-year "catch-all" statute of limitations would time-bar Johnson's action. Under either statute, the trial court correctly dismissed Johnson's action as untimely. Accordingly, we need not decide whether the DOC triggered the PRA's one-year statute of limitations.

## I. STANDARD OF REVIEW

¶12 We review de novo challenges to agency actions under the PRA, standing in the same position as the trial court where the record, as here, consists only of affidavits, memoranda, and other documentary evidence. *Greenhalgh v. Dep't of Corr.*, 160 Wn. App. 706, 713-14, 248 P.3d 150 (2011). We also review de novo a trial court's dismissal of an action. *See U.S. Oil Trading, LLC v. Office of Fin. Mgmt.*, 159 Wn. App. 357, 361, 249 P.3d 630, *review denied*, 171 Wn.2d 1025 (2011).

## II. PRA STATUTE OF LIMITATIONS

¶13 The PRA's statute of limitations provides that a plaintiff must file an action within one year of either (1) an agency's claim of exemption from the PRA's disclosure requirements, or (2) an agency's "last production of a record on a partial or installment basis." RCW 42.56.550(6). The DOC admits that it never claimed a PRA exemption for the records that Johnson requested[10]; therefore, we need not address his argument about the exemption-based statute-of-limitations trigger. Instead, we focus on the second basis for triggering the PRA's statute of limitations—an agency's "last production of a record on a partial or installment basis." RCW 42.56.550(6).

---

[10] The DOC explains, "No exemption log was provided because no records were withheld and no redactions were made." Br. of Resp't at 6.

## A. Last Production of Record

¶14 Johnson appears to contend that (1) the DOC violated the PRA by disclosing only one page of multiple documents he had requested; and (2) he timely filed his PRA action because the one-year statute of limitations was never triggered and, therefore, never began to run. More specifically, Johnson asserts that the DOC never made a "last production of a record on a partial or installment basis" when it provided him with only the initial single document and never provided him additional documents that it later provided to another requester, Melinda Carter, in 2009. Br. of Appellant at 10 (emphasis omitted) (quoting RCW 42.56.550(6)). This argument fails.

¶15 Johnson is correct that (1) Carter later requested the same documents that he (Johnson) had earlier requested; and (2) in response, Schave, from DOC's Public Disclosure Unit in Olympia, made available to Carter 292 pages of documents that the DOC had not made available to Johnson when he made his substantially identical public records request three years earlier. *See* CP at 122. But, as the State correctly notes, because Carter made her public records request on April 27, 2009, over 32 months *after* Johnson made his initial request, "[T]here were three more years worth of responsive records located" for the DOC to produce in response to Carter's request than had existed at the time of Johnson's request.[11] Br. of Resp't at 2 n.1. Accordingly, we disagree with Johnson's assertion that because the DOC had been able, but chose not, to produce the record "on a partial or installment basis," the DOC failed to trigger the PRA's statute of limitation.[12]

---

[11] The record does not show that when Johnson made his request three years earlier, the DOC had possessed any responsive documents other than the single one-page record it provided to him at the time.

[12] That the DOC disclosed 292 pages to Carter nearly three years later in 2009 does not undercut this conclusion. Although moot in our final analysis here, we note the following: In September 2006, shortly after the DOC's Olympia Public

Br. of Appellant at 10 (emphasis omitted) (quoting RCW 42.56.550(6)).

## B. Action Time Barred Regardless of Applicable Statute of Limitations

¶16 Because the DOC produced a single document in response to Johnson's PRA request, instead of multiple documents on a partial or installment basis, there are three theoretical answers to the question of whether Johnson's PRA action was time barred: (1) Johnson's action was time barred because the DOC triggered the PRA's one-year statute of limitations under RCW 42.56.550(6); (2) Johnson's action was time barred under RCW 4.16.130's two-year "catch-all" statute of limitations, which controls when there are no other applicable statutes of limitations; or (3) Johnson's action was not time barred because there is no statute of limitations that applies to a PRA action based on an agency's production of a single document in response to a PRA request.[13]

■ ■ ¶17 We first reject the third theoretical answer because, in our view, it would be an absurd result to contemplate that in light of two arguably applicable statutes of limitations, the legislature intended no time limitation for PRA actions involving single-document production. *See Cannon v. Dep't of Licensing*, 147 Wn.2d 41, 57, 50 P.3d 627 (2002) ("This court will avoid a literal reading of a provision if it would result in unlikely, absurd, or strained

---

Disclosure Unit produced a single document in response to Johnson's first PRA request, Johnson made a "second" essentially identical PRA request to the McNeil Island Corrections Center Public Disclosure Coordinator. Without so ruling, we note that this fact arguably might lead to an inference that Johnson believed *additional* responsive records existed, in which case the DOC's initial production might have been on "a partial or installment basis." RCW 42.56.550(6).

[13] In *Tobin v. Worden*, 156 Wn. App. 507, 233 P.3d 906 (2010), Division One of our court confronted the same legal issue with similar facts. The *Tobin* court did not, however, decide which of these three potential answers applied. Instead, it held only that the first answer, the one-year PRA statute of limitations, did *not* apply and left open the possibility that the second or third answers could apply. *See Tobin*, 156 Wn. App. at 514-16.

consequences."). Nevertheless, we need not choose whether RCW 42.56.550(6)'s one-year statute of limitations[14] or RCW 4.16.130's two-year "catch-all" statute of limitations applies here because Johnson did not file his action before expiration of even the latter, longer period.

 ¶18 This longer general statute of limitations provides:

> An action for relief not hereinbefore provided for, shall be commenced within two years after the cause of action shall have accrued.

RCW 4.16.130. The latest possible date on which Johnson's single-document action accrued was September 3, 2007, which was (1) one week after the date of Schave's August 27, 2007 letter to Johnson explaining that there were no

---

[14] In essence, the competing arguments for and against the application of RCW 42.56.550(6)'s one-year statute of limitations here are that (1) RCW 42.56.550(6) does not apply because by its plain language it applies only to PRA requests for which the agency claims an exemption or to which it responds by producing partial documents in installments; and (2) RCW 42.56.550(6) does apply because rules of statutory construction provide that the specific controls over the general, and RCW 42.56.550(6) is the only specific statute of limitations that the legislature has promulgated for PRA violation actions; therefore, the general "catch-all" statute of limitations in RCW 4.16.130 does not apply. *See In re Marriage of Sagner*, 159 Wn. App. 741, 748, 247 P.3d 444 ("We resolve any apparent conflict between statutes by using the established rule of statutory construction that favors specific statutory language over general provisions."), *review denied*, 171 Wn.2d 1026 (2011).

We note that the legislature could resolve this quandary by clarifying which statute of limitations it intends should apply when, as here, an agency has and produces only a single document in response to a PRA request. PRA-specific RCW 42.56.550(6) provides:

> Actions under this section must be filed within one year of the agency's [(1)] claim of exemption or [(2)] the last production of a record on a partial or installment basis.

Despite expressly applying to PRA responses involving exemptions or partial and installment record productions, RCW 42.56.550(6) does not mention PRA record productions on a "nonpartial" or "noninstallment" basis, such as the single document the DOC produced here. But there is no other statute of limitations that similarly expressly applies to nonpartial and noninstallment PRA document productions; in fact, the legislature has provided no other PRA-specific statutes of limitations at all, arguably, leaving only the non-PRA-specific general RCW 4.16.130 to apply to PRA record productions that do not fall within the specific categories included in RCW 42.56.550(6).

other documents; and (2) the reasonable time by which Johnson should have received that letter. Thus, RCW 4.16.130's two-year "catch-all" statute of limitations expired at the latest sometime in September 2009, well before Johnson filed his PRA action on December 16, 2009. Accordingly, even under the more permissive of potentially applicable statutes of limitations here, Johnson's action was time barred.

## C. *Rental Housing Association*

¶19 We also reject Johnson's argument that *Rental Housing Ass'n of Puget Sound v. City of Des Moines*, 165 Wn.2d 525, 199 P.3d 393 (2009), requires us to reverse the superior court's dismissal of his PRA action. In *Rental Housing*, our Supreme Court held that in order to trigger RCW 42.56.550(6), the PRA statute of limitations, an agency's exemption claim must describe each individual withheld record and explain the particular exemption that applied to each record. 165 Wn.2d at 539-40. But *Rental Housing* did not address the issue before us here, namely, whether an agency triggers RCW 42.56.550(6) when the entire record produced in timely response to a PRA request comprises a single document. Thus, *Rental Housing* does not apply here.

¶20 We may affirm the trial court on any ground that the record supports. *Otis Hous. Ass'n v. Ha*, 165 Wn.2d 582, 587, 201 P.3d 309 (2009). Therefore, regardless of whether the trial court was correct in ruling that RCW 42.56.550(6) barred Johnson's action, RCW 4.16.130 would also have barred his action.[15] Accordingly, we affirm the superior

---

[15] Again, we reject Johnson's implied notion that no statute of limitations applied to his PRA action and, therefore, he could file it whenever he chose.

court's denial of Johnson's show cause motion and its dismissal of his PRA action.

PENOYAR, C.J., and QUINN-BRINTNALL, J., concur.

Reconsideration denied December 7, 2011.

Review denied at 173 Wn.2d 1032 (2012).