

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| KAMAL MAHMOUD, | ) | NO. 70757-4-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| SNOHOMISH COUNTY, a political | ) | |
| subdivision of Washington state, | ) | |
| | ) | FILED: October 27, 2014 |
| Respondent. | ) | |
| | ) | |

LEACH, J. — Kamal Mahmoud appeals trial court orders dismissing his claims against Snohomish County (County) arising from five of six Public Records Act[1] (PRA) requests. He contends that because the County's responses violated the PRA, no statute of limitations bars his claims. Mahmoud also appeals the court's attorney fee award and denial of his motion for reconsideration. The County cross appeals, arguing that the statute of limitations bars all six of Mahmoud's claims. The County's responses to each of Mahmoud's public records requests triggered the one-year PRA statute of limitations, which bars all six of Mahmoud's claims. Accordingly, we affirm the trial court as to the dismissal of five claims on the basis of the PRA statute of limitations and reverse the trial court's order and penalties relating to the sixth

---

[1] Ch. 42.56 RCW.

claim. We affirm the trial court's denial of Mahmoud's motion for reconsideration and reverse the trial court's award of costs and attorney fees.

FACTS

Mahmoud worked as a civil engineer for Snohomish County from July 2006 to December 31, 2009. In May 2009, he filed an internal Equal Employment Opportunity (EEO) complaint, alleging unlawful discrimination and/or retaliation. Mahmoud later made six requests to the County under the PRA, seeking documents related to his termination.[2] The County claimed a categorical exemption for one request and produced responsive records for five requests.

1.   09-05374

On August 3, 2009, Mahmoud requested a copy of the County's EEO investigation file "to include all interview notes, documents, emails, and findings related to my complaint." On August 7, the County notified Mahmoud that responsive records were exempt from production "at this time" under RCW 42.56.250(5).[3] In letters dated October 20, 2009, and February 11, 2010,

_____

[2] Mahmoud made a seventh request (10-08644) not at issue in this appeal.

[3] Former RCW 42.56.250(5) (2005) exempts from public inspection and copying "[i]nvestigative records compiled by an employing agency conducting a current investigation of a possible unfair practice under chapter 49.60 RCW or of a possible violation of other federal, state, or local laws prohibiting discrimination in employment."

Mahmoud's attorney wrote "to follow up" and "check on the status" of Mahmoud's request for the investigation file and of a second request filed the same day. The County did not respond to either of these letters. The EEO investigation closed in late March 2010.

2.    09-05375

Also on August 3, 2009, Mahmoud requested "all emails sent to and from" six county employees, "including any archived emails on the individuals [sic] C drive, P drive, or any other county network drive," from January 1, 2008, to the present. The County first responded on August 5, 2009, and next on October 21, 2009, when Department of Public Works Manager Pamela Miller produced a CD (compact disc) of "approximately 4,700 emails." On April 2, 2010, Miller notified Mahmoud that a DVD (digital video disk) with a second installment was ready for him, along with a redaction log for both installments. On June 4, 2010, Mahmoud e-mailed Miller that the records did not include "most of the info I requested." On June 7, Miller responded that the County's Department of Information Services (DIS) captured "all emails within the parameters you specified," but that due to earlier deletions and the "state recommended archive schedule . . . it may very well be that many of the emails were not required to be retained."

3.   10-01666

On March 15, 2010, Mahmoud requested all e-mail sent or received by four county employees between January 1, 2009, and March 1, 2009. Mahmoud also requested "policies or procedures related to preservation, back-up, and/or archiving of emails by the Department of Information Services." On May 20, the County produced an installment of records. It produced four more installments and an exemption log on June 11, June 29, July 12, and November 22, 2010.

4.   10-05383

On July 23, 2010, Mahmoud requested

any and all entries made by [supervisor] Max Phan from January 2008 to August 2009 in his "journal" and/or other notes and files, concerning Kamal Mahmoud. This request is intended to include but not be limited to any entries regarding alleged complaints regarding Mr. Mahmoud received by Mr. Phan from [certain county employees], or any other individual.

After initially responding on July 28, the County attached to an August 16 e-mail "all documents responsive to your request." The e-mail noted that there were no redactions and that the County withheld one document: a memorandum from Phan to Steven Bladek "exempt from disclosure pursuant to RCW 5.60.060(2)(a)."[4] The e-mail concluded, "This request is now considered closed."

In March 2012, in response to Mahmoud's discovery requests, the County produced additional journal entries that it had not provided previously or claimed

---

[4] RCW 5.60.060(2)(a) concerns the attorney-client privilege.

as exempt. Phan conceded in a declaration that he had "additional journal entries related to Mr. Mahmoud and his work with the County," but that because these were not directly related to complaints about Mahmoud, he "did not understand his request to be seeking those records. As a result, I did not produce those records in response to PDR #10-05383. This was a mistake on my part."

5.    10-05392

On December 5, 2010, Mahmoud requested all e-mail sent or received by three county employees between October 1, 2008, and January 31, 2009, "including any archived emails on the individuals [sic] C drive, P drive, or any other county network drive," as well as copies of policies related to e-mail preservation. On December 9, 2010, the County produced records related to e-mail preservation. On January 19, 2011, Miller notified Mahmoud that DIS had completed the search and found no e-mail responsive to his request. In response to Mahmoud's question about what happened to the e-mail, she said that "since its [sic] 2 years ago it would be my assumption that they have been deleted since they weren't located."

6.    10-08593

On January 14, 2011, the County produced records in response to Mahmoud's request for e-mail records of two county employees from September

1, 2009, to December 31, 2009. On February 25 and 28, 2011, the County produced two more installments and an exemption log.

On June 30, 2011, Mahmoud filed a complaint against the County in King County Superior Court, alleging discrimination and retaliation.[5] On August 30, 2012, sometime after receiving the County's discovery responses, Mahmoud amended his complaint to add claims for PRA violations.

The trial court denied the County's motion for summary judgment, ruling that Mahmoud's claims were not time barred. The court granted in part the County's motion for reconsideration, ruling that Mahmoud's claims arising from request 09-05374 were barred by either the one-year PRA statute of limitations, RCW 42.56.550(6), or the general two-year statute, RCW 4.16.130. But the court denied the County's motion for reconsideration as to Mahmoud's other five claims, again ruling that they were not time barred.

On April 17, 2013, after a show cause hearing, the court dismissed with prejudice Mahmoud's claims arising from requests 09-05375, 10-01666, 10-08592, and 10-08593, ruling that the County had complied with the PRA. But the court held that the County violated the PRA when it "failed to provide seven journal entries and one note responsive to public records request #10-05383."

---

[5] The parties resolved these claims through mediation, and they are not at issue in this appeal.

The court imposed penalties of $18,000[6] and awarded Mahmoud $18,055 in attorney fees: one seventh of his request.

Mahmoud appeals the court's dismissal of five of his claims, the attorney fee award, and denial of his motion for reconsideration. The County cross appeals the trial court's denial of its motion for summary judgment, contending that the trial court should have dismissed all six claims on the basis of the statute of limitations. Mahmoud has also filed a motion to strike a portion of the County's reply brief under RAP 10.1(c). Mahmoud seeks attorney fees and costs for his appeal, as well as fees, costs, and sanctions for the motion to strike.

## STANDARD OF REVIEW

We review agency actions under the PRA and questions of statutory interpretation de novo.[7] We also review de novo a trial court's summary judgment decision.[8] Although a party generally may not appeal denial of summary judgment,[9] we may consider this issue when it involves a purely legal question.[10] A court should grant summary judgment only if

---

[6] The court assessed a penalty of $30 a day for a period of 600 days.

[7] Neigh. Alliance of Spokane County v. County of Spokane, 172 Wn.2d 702, 715, 261 P.3d 119 (2011); Rental Hous. Ass'n of Puget Sound v. City of Des Moines, 165 Wn.2d 525, 536, 199 P.3d 393 (2009); RCW 42.56.550(3).

[8] Walston v. Boeing Co., 173 Wn. App. 271, 279, 294 P.3d 759 (2013), aff'd, No. 88511-7, 2014 WL 4648090 (Wash. Sept. 18, 2014).

[9] Waller v. State, 64 Wn. App. 318, 338, 824 P.2d 1225 (1992).

[10] See Walston, 173 Wn. App. at 288; McKasson v. Johnson, 178 Wn. App. 422, 423-24, 315 P.3d 1138 (2013).

"after considering all the pleadings, affidavits, depositions or admissions and all reasonable inferences drawn therefrom in favor of the nonmoving party, it can be said (1) that there is no genuine issue as to any material fact, (2) that all reasonable persons could reach only one conclusion, and (3) that the moving party is entitled to judgment as a matter of law."[11]

Whether to award costs and attorney fees is a question of law reviewed de novo, while this court reviews the reasonableness of attorney fee awards for abuse of discretion.[12] An abuse of discretion standard also applies to a trial court's denial of a motion for reconsideration.[13] A court abuses its discretion when its decision is manifestly unreasonable or based upon untenable grounds or reasons.[14]

## ANALYSIS

### The PRA

The PRA "'is a strongly worded mandate for broad disclosure of public records.'"[15] Courts liberally construe the PRA in favor of disclosure and narrowly construe its exemptions.[16] The PRA requires every government agency to produce for inspection and copying any public record upon request unless it falls within a specific, enumerated exemption.[17]

---

[11] Walston, 173 Wn. App. at 279 (quoting Baker v. Schatz, 80 Wn. App. 775, 782, 912 P.2d 501 (1996)).

[12] Sanders v. State, 169 Wn.2d 827, 866-67, 240 P.3d 120 (2010).

[13] Brinnon Grp. v. Jefferson County, 159 Wn. App. 446, 485, 245 P.3d 789 (2011).

[14] State v. Stenson, 132 Wn.2d 668, 701, 940 P.2d 1239 (1997).

[15] Soter v. Cowles Publ'g Co., 162 Wn.2d 716, 731, 174 P.3d 60 (2007) (quoting Hearst Corp. v. Hoppe, 90 Wn.2d 123, 127, 580 P.2d 246 (1978)).

[16] RCW 42.56.030.

[17] Sanders, 169 Wn.2d at 836; RCW 42.56.070(1).

A party must file a PRA action "within one year of the agency's claim of exemption or the last production of a record on a partial or installment basis."[18] The PRA does not require an agency to "'create or produce a record that is nonexistent,'"[19] and so an agency response may also include notice that the requested documents do not exist.[20]

The agency has the burden to establish that a specific exemption applies.[21] An agency response withholding any public record "shall include a statement of the specific exemption authorizing the withholding of the record (or part) and a brief explanation of how the exemption applies to the record withheld."[22] This "brief explanation" should cite the statute granting an exemption and "'should provide enough information for a requestor to make a threshold determination of whether the claimed exemption is proper.'"[23] An insufficient

---

[18] RCW 42.56.550(6).

[19] Fisher Broad.-Seattle TV LLC v. City of Seattle, 180 Wn.2d 515, 522, 326 P.3d 688 (2014 (internal quotation marks omitted) (quoting Gendler v. Batiste, 174 Wn.2d 244, 252, 274 P.3d 346 (2012)); WAC 44-14-04004(4)(a).

[20] See Greenhalgh v. Dep't of Corr., 170 Wn. App. 137, 148, 282 P.3d 1175 (2012); WAC 44-14-04004(4)(a) ("An agency is only required to provide access to public records it has or has used. An agency is not required to create a public record in response to a request.").

[21] Neigh. Alliance, 172 Wn.2d at 715.

[22] RCW 42.56.210(3).

[23] Rental Hous. Ass'n, 165 Wn.2d at 539 (quoting WAC 44-14-04004(4)(b)(ii)).

claim of exemption does not trigger the one-year statute of limitations under RCW 42.56.550(6).[24]

County's Cross Appeal

In its cross appeal, the County argues that the trial court erred by not dismissing all six of Mahmoud's claims on summary judgment based on the statute of limitations. Mahmoud argues that because the County violated the PRA, no statute of limitations began to run. We agree with the County. In response to each of Mahmoud's six requests, the County claimed an exemption, produced records, or both. For each request, Mahmoud filed his PRA claim more than one year later.

Request 09-05374

Mahmoud argues that the County's incomplete categorical exemption claim for the EEO file and its failure to respond to his two "re-requests" prevented the PRA statute of limitations from beginning to run. Citing Rental Housing Ass'n of Puget Sound v. City of Des Moines,[25] Mahmoud challenges the sufficiency of the County's exemption claim because it did not "explain which individual exemption applied to which individual record rather than categorically asserting the investigative process exemption as to all withheld documents." Thus, he

---

[24] Rental Hous. Ass'n, 165 Wn.2d at 539.
[25] 165 Wn.2d 525, 539-40, 199 P.3d 393 (2009).

claims, just as in Rental Housing Ass'n, the County's response did not to trigger the PRA statute of limitations.

We disagree. In Rental Housing Ass'n, the City did no more than "generally assert[ ] the controversy and deliberative process exemptions as to all withheld documents."[26] Here, the County cited the applicable portion of the statute, which exempts "[i]nvestigative records compiled by an employing agency conducting a current investigation of a possible unfair practice under chapter 49.60 RCW or of a possible violation of other federal, state, or local laws prohibiting discrimination in employment."[27]

Mahmoud also cites Sargent v. Seattle Police Department[28] to support his assertion that our Supreme Court "recently declined to recognize a similar categorical exemption as proper under the PRA." But Mahmoud mischaracterizes Sargent. In Sargent, the plaintiff requested records from the Seattle Police Department (SPD) about criminal and internal investigations into his confrontation with an SPD officer.[29] The SPD claimed a categorical exemption under RCW 42.56.240(1), the effective law enforcement exemption.[30]

---

[26] Rental Hous. Ass'n, 165 Wn.2d at 539-40.
[27] Former RCW 42.56.250(5) (2005).
[28] 179 Wn.2d 376, 314 P.3d 1093 (2013).
[29] Sargent, 179 Wn.2d at 383.
[30] This provision exempts "[s]pecific intelligence information and specific investigative records compiled by investigative, law enforcement, and penology agencies" where nondisclosure "is essential to effective law enforcement or for the protection of any person's right to privacy."

The court held in <u>Sargent</u> that once the police referred the case to the prosecutor, "nondisclosure [was] not categorical and automatic"[31] because "referral to prosecutors signals the police's conclusion of its investigation and is a bright line for termination of the categorical exemption."[32] But the court reaffirmed its holding in <u>Newman v. King County</u>[33] that to protect the integrity of an ongoing police investigation, a categorical exemption may apply to an "'open active police investigation file.'"[34] In <u>Newman</u>, the court concluded that the requested documents pertained to an open case, their production would have placed a burden on the agency's ability to perform its given role, and the agency still contemplated enforcement proceedings.[35] Although the County did not conduct a criminal investigation of Mahmoud's EEO claim, as in <u>Newman</u> the relevant records pertained to an open case, future remedial proceedings were possible, and production before the case was closed would have impaired the investigating agency's ability to perform its given role. The County's explanation provided Mahmoud with sufficient information to make a threshold determination about the County's exemption claim and if he had a cause of action under the PRA.

---

[31] <u>Sargent</u>, 179 Wn.2d at 388 (citing <u>Cowles Publ'g Co. v. Spokane Police Dep't</u>, 139 Wn.2d 472, 479-80, 987 P.2d 620 (1999)).

[32] <u>Sargent</u>, 179 Wn.2d at 389.

[33] 133 Wn.2d 565, 947 P.2d 712 (1997).

[34] <u>Sargent</u>, 179 Wn.2d at 392 (quoting <u>Newman</u>, 133 Wn.2d at 575).

[35] <u>Newman</u>, 133 Wn.2d at 575.

Mahmoud also argues that his attorney's letters to the County on October 20, 2009, and February 11, 2010, "re-issued" his request for the investigation file and that the County failed either to claim an exemption or to produce a responsive record, as the statute requires. But on August 7, 2009, the County responded to Mahmoud's request for the investigation file by claiming an exemption. We disagree that these letters constitute two new public records requests that the County improperly ignored. Additionally, in the letters, the attorney appears to confuse request 09-05374 with Mahmoud's second request, 09-05375, for which the County had provided time estimates for production. Mahmoud's contention that the County made no response ignores the fact that the County produced records for 09-05375 on October 21, 2009, and April 2, 2010: one installment following each of the letters.

Under RCW 42.56.550(6), the limitations period for request 09-05374 expired on August 7, 2010. Because Mahmoud did not amend his complaint to include his PRA claims until August 30, 2012, his claims are time barred under the PRA.

Requests 09-05375, 10-01666, 10-08592, and 10-08593

Mahmoud also contends that the County's exemption logs for 09-05375, 10-01666, and 10-08593 were "deficient and violated the PRA" and thus did not trigger the one-year limitations period. Again citing Rental Housing Ass'n, he

-13-

argues that an agency does not make a sufficient exemption claim unless the claim includes the number of pages of each withheld document. This argument fails. In Rental Housing Ass'n, the court found the City's response deficient because it lacked not only the number of pages but also the type of record, date, author, recipient, or any explanation of which specific exemption applied to each record.[36] Such a response would not give a requester enough information to know if the claimed exemptions were proper. Here, the fact that the County did not list each record's number of pages does not "defeat[ ] the very purpose of the PRA to achieve broad public access to agency records."[37] To the contrary, the County's logs satisfied the "brief explanation" requirement of RCW 42.56.210(3) by including the date, citation to statutory exemption, author, recipient, and type and description of each record. This triggered the one-year statute of limitations, which expired for the last of these three requests no later than late February 2012.

Mahmoud also argues that the County's single production in response to request 10-08592 was incomplete and therefore could not trigger the limitations period. But "it would be an absurd result to conclude that the legislature intended no statute of limitations for PRA actions involving the production of a single

---

[36] Rental Hous. Ass'n, 165 Wn.2d at 539-40.
[37] Rental Hous. Ass'n, 165 Wn.2d at 540.

-14-

volume of documents."[38] Courts avoid a literal reading of a statute if it would result in "'unlikely, absurd, or strained consequences.'"[39] The County's single production of records on December 9, 2010, or, alternatively, its final response on January 19, 2011, triggered the one-year statute of limitations, which expired at least seven months before Mahmoud filed his PRA claims.

Request 10-05383

For request 10-05383, the County produced records and claimed a partial exemption on August 16, 2010. The County concedes it did not produce all responsive records. But we do not reach the merits of this claim because the PRA statute of limitations also bars this claim.

Finally, Mahmoud argues that under a common law discovery rule, any statute of limitations should have been tolled until March 2012, when he "discovered the responsive records" during the course of litigation. He contends that until this point, he was "forced to rely upon the County's multiple false assurances," not realizing that he had a cause of action.

---

[38] Bartz v. Dep't of Corr. Pub. Disclosure Unit, 173 Wn. App. 522, 536, 297 P.3d 737, review denied, 177 Wn.2d 1024 (2013); see also Johnson v. Dep't of Corr., 164 Wn. App. 769, 777, 265 P.3d 216 (2011). But see Tobin v. Worden, 156 Wn. App. 507, 514, 233 P.3d 906 (2010).
[39] Johnson, 164 Wn. App. at 777-78 (quoting Cannon v. Dep't of Licensing, 147 Wn.2d 41, 57, 50 P.3d 627 (2002)).

The discovery rule provides an exception to the general rule that a plaintiff's cause of action accrues at the time that the act or omission occurred.[40] "Under the discovery rule, a cause of action accrues when the plaintiff knew or should have known the essential elements of the cause of action."[41] Washington courts have applied the rule to claims "in which the plaintiffs could not have immediately known of their injuries due to professional malpractice, occupational diseases, self-reporting or concealment of information by the defendant."[42] But courts "continue[ ] to emphasize the exercise of due diligence by the injured party."[43] The rule postpones the running of a statute of limitations only until a plaintiff, through the exercise of due diligence, "knows or should know the relevant facts" of a cause of action.[44]

As a threshold matter, we note the incompatibility of Mahmoud's discovery rule argument with his argument that the County's responses never triggered the PRA statute of limitations. A statute that never began to run cannot be tolled. We also note that no Washington state court has applied the discovery rule in the

---

[40] In re Estates of Hibbard, 118 Wn.2d 737, 744-45, 826 P.2d 690 (1992).
[41] Allen v. State, 118 Wn.2d 753, 757-58, 826 P.2d 200 (1992) (footnote omitted).
[42] Hibbard, 118 Wn.2d at 749-50.
[43] Hibbard, 118 Wn.2d at 746; Reichelt v. Johns-Manville Corp., 107 Wn.2d 761, 772, 733 P.2d 530 (1987).
[44] Allen, 118 Wn.2d at 758.

context of the PRA.[45] But even if the discovery rule applies to PRA claims, we decline to apply it here. The record shows that Mahmoud and his counsel repeatedly asserted the existence of records he now claims the County silently withheld. Given that many of the requested documents came from Mahmoud's own files, he had reason to know of their existence. Even the diary entries the County concedes it improperly withheld concerned interactions between Mahmoud and his supervisor, not communications between parties unknown to Mahmoud. Mahmoud knew or should have known the relevant facts of his cause of action within the PRA limitations period, and his arguments to the contrary are unpersuasive.[46]

The PRA statute of limitations contains triggering events that enable a requester to know if a cause of action has accrued, and the legislature enacted no discovery rule exception.[47] For all of Mahmoud's requests, the County

---

[45] Two federal district courts have applied an "inherent discovery rule" to PRA claims. See Anthony v. Mason County, No. C13-5473, 2014 WL 1413421, at *4-5 (W.D. Wash. Apr. 11, 2014) (order granting motion to amend and strike); Reed v. City of Asotin, 917 F. Supp. 2d 1156, 1166-67 (E.D. Wash. 2013).

[46] See Gevaart v. Metco Constr., Inc., 111 Wn.2d 499, 502, 760 P.2d 348 (1988) (personal injury claim time barred because plaintiff knew injury-causing step sloped downward and could have determined by exercise of due diligence that step did not conform to code and was a construction defect); Reichelt, 107 Wn.2d at 770-73 (because of his own knowledge, consultations with an attorney, and Occupational Safety and Health Act training, plaintiff reasonably should have known the essential elements of his negligence claim before three-year limitations period ran).

[47] See O'Neil v. Estate of Murtha, 89 Wn. App. 67, 73-74, 947 P.2d 1252 (1997).

claimed an exemption, produced records, or both. This triggered the one-year statute of limitations under RCW 42.56.550(6). For each request, Mahmoud filed his PRA claims more than a year after this limitations period expired.

Because Mahmoud's claims fail under the one-year PRA statute of limitations, we do not analyze them under RCW 4.16.130, the two-year "catchall" statute of limitations that applies to claims "not otherwise provided for," as two Division Two cases have done for certain PRA claims.[48] But we agree that "it would be an absurd result to contemplate that in light of two arguably applicable statutes of limitations, the legislature intended no time limitation" for PRA actions where the agency's response is a single production or incomplete.[49]

Our state legislature recently enacted a law requiring training in PRA compliance for public officials after finding that "inadvertent error or a lack of knowledge on the part of officials and agencies regarding their legal duties to the public" has resulted in PRA violations as well as burdensome litigation and administration costs for state and local governments.[50] Among the legislature's goals are "improving citizen access to public records and encouraging public

---

[48] See Bartz, 173 Wn. App. at 536-38; Johnson, 164 Wn. App. at 778 n.14.

[49] Johnson, 164 Wn. App. at 777; see also Bartz, 173 Wn. App. at 537 (also absurd to conclude that legislature intended different statutes of limitations for different categories of PRA requests, given its deliberate shortening of limitations period from five years to one year).

[50] ENGROSSED S. B. (E.S.B.) 5964, at § 1, 63d Leg., Reg. Sess. (Wash. 2014).

participation in governmental deliberations."[51] These goals do not include promoting gamesmanship or the exploitation of stale claims in order to exact cumulative penalties and attorney fees from shorthanded local governments.

"[T]he rights of citizens to observe the actions of their public officials and to have timely access to public records are the underpinnings of democracy and are essential for meaningful citizen participation in the democratic process."[52] But citizens have the responsibility not to sleep on those rights. Here, Mahmoud knew or could have known the relevant facts related to his cause of action within the one-year PRA statute of limitations. Because he filed his PRA claims outside that period, his claims are time barred.

We may affirm the trial court on any ground the record supports.[53] On the basis of the PRA statute of limitations, we affirm the trial court's dismissal of claims related to requests 09-05374, 09-05375, 10-01666, 10-08592, and 10-08593 and reverse the trial court's order and penalties related to request 10-05383. We affirm the trial court's denial of Mahmoud's motion for reconsideration.

---

[51] E.S.B. 5964, at § 1.
[52] E.S.B. 5964, at § 1.
[53] Otis Hous. Ass'n v. Ha, 165 Wn.2d 582, 587, 201 P.3d 309 (2009).

## Attorney Fees

The PRA entitles a prevailing party to "all costs, including reasonable attorney fees."[54] Because Mahmoud is not a prevailing party under the PRA, we reverse the trial court's award and deny Mahmoud's request for appellate fees and costs.

## Mahmoud's Motion to Strike

The County filed a reply brief containing sections "related to the County's cross appeal" and "related to Mr. Mahmoud's appeal." Mahmoud asks us to strike the latter section as an improper surreply under RAP 10.1(c). Mahmoud also requests attorney fees and costs for bringing the motion, as well as sanctions against the County under RAP 10.7.

Under RAP 10.1(c), a respondent seeking review may file a brief in reply "to the issues presented by respondent's review." While the first half of the County's reply addresses Mahmoud's response to its cross appeal, the second half consists of additional arguments related to Mahmoud's appeal, exceeding the scope of the rule. We grant Mahmoud's motion to the extent of disregarding

---

[54] RCW 42.56.550(4). Our Supreme Court has interpreted this provision to include fees and costs on appeal. Sanders, 169 Wn.2d at 869.

the material not related to the cross appeal[55] but do not award sanctions or attorney fees related to the motion.

CONCLUSION

Because Mahmoud filed his PRA claims outside the one-year PRA limitations period, all of his claims are time barred. On this basis, we affirm the trial court's dismissal of five claims and reverse the trial court's order and penalties relating to the sixth claim. We also reverse the trial court's award of costs and attorney fees, affirm the trial court's denial of Mahmoud's motion for reconsideration, and grant Mahmoud's motion to strike to the extent of disregarding the portion of the County's reply that exceeds the scope of its cross appeal. We decline to award sanctions or attorney fees related to the motion to strike.

_____, J.

WE CONCUR:

_____, C.J.          _____, J.

---

[55] See Yousoufian v. Office of Ron Sims, 168 Wn.2d 444, 469-70, 229 P.3d 735 (2010) (granting motions to strike portions of amicus briefs as noncompliant).