FILED
COURT OF APPEALS
DIVISION II

2015 FEB -3 AM 9: 07

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STEVEN P. KOZOL, | No. 45542-1-II |
| Appellant, | |
| v. | |
| KING COUNTY, | UNPUBLISHED OPINION |
| Respondent. | |

WORSWICK, J. — Steven P. Kozol appeals the trial court's order dismissing his Public Records Act (PRA)[1] claim against King County. Kozol argues that the trial court incorrectly applied the PRA's statute of limitations, RCW 42.56.550(6), and urges us to follow Division One's holding in *Tobin v. Worden*, 156 Wn. App. 507, 233 P.3d 906 (2010), which applied the "catch-all," two year statute of limitations to PRA claims involving a single response. We decline to do so. Instead, we adhere to our earlier holding in *Bartz v. Dep't of Corr. Pub. Disclosure Unit*, 173 Wn. App. 522, 297 P.3d 737, *review denied*, 177 Wn.2d 1024 (2013), and hold that the one-year statute of limitations applies uniformly to all PRA claims. We affirm.

---

[1] *See* RCW 42.56.550.

FACTS

A.     *Kozol's Requests for Records*

Kozol filed two separate PRA requests with the King County Prosecuting Attorney's Office. Kozol's first request was dated November 20, 2010, and was received by Kristie Johnson, the former public records officer for the King County Prosecuting Attorney's Office. In that request, Kozol sought all records pertaining to his 2000 criminal case that related to a Rolex watch. On December 23, 2010, Johnson provided Kozol with five pages of documents. In a second request dated January 12, 2011, Kozol sought all records pertaining to his 2000 criminal case that related to any watches. On January 25, 2011, Johnson informed Kozol that she had not found any additional documents regarding watches in Kozol's 2000 criminal case.

B.     *Kozol's Complaint*

On March 7, 2012, Kozol filed a complaint in Pierce County Superior Court, alleging that King County violated the PRA in its responses to his records requests. King County answered Kozol's amended complaint and asserted as an affirmative defense that Kozol's claim was barred by the one year statute of limitations under RCW 42.56.550(6).

C.     *Summary Judgment Motion and Hearing*

On August 7, 2013, King County filed a motion for summary judgment. King County, relying on our decision in *Bartz*, argued that Kozol had one year from January 25, 2011, its last PRA response, to file an action, which he failed to do. The trial court granted King County's motion for summary judgment, concluded that the PRA's one-year statute of limitations barred

Kozol's complaint, and dismissed Kozol's complaint. On September 16, 2013, Kozol filed a motion for reconsideration, which the trial court denied. Kozol appeals.

ANALYSIS

Kozol argues that the trial court erred in granting summary judgment in favor of King County because under *Johnson v. Dep't of Corrects.*, 164 Wn. App. 769, 265 P.3d 216 (2011), *review denied*, 173 Wn.2d 1032 (2012), and *Tobin*, the one-year statute of limitations in RCW 42.56.550(6) does not apply to his PRA claim and, thus, it was not time-barred. We review a trial court's disposition of a motion for summary judgment de novo. *McKee v. Dep't of Corrs.*, 160 Wn. App. 437, 446, 248 P.3d 115 (2011). Summary judgment is appropriate where, the pleadings, affidavits, and depositions establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. CR 56(c).

There are no genuine issues of material fact in dispute. The question before us is which statute of limitations applies when there has been a single response without any claimed exemptions: (1) the two-year, catch-all statute of limitations, as Division One held in *Tobin*; or (2) the one-year statute of limitations, as we held in *Bartz*. We adhere to our earlier decision in *Bartz*. Because the one-year statute of limitations under the PRA is ambiguous when reading the statute as a whole, we consider other indicia of legislative intent, including the legislative history of the statute. When considering the legislative intent and history of the PRA's one-year statute of limitations, we determine that the one-year statute of limitations applies to records produced in a single response without any claimed exemptions. Accordingly, we affirm the trial court's order granting summary judgment and dismissing Kozol's complaint.

Judicial review of an agency's response to a PRA request governed by RCW

42.56.550(1) states:

> Upon the motion of any person having been denied an opportunity to inspect or copy a *public record* by an agency, the superior court . . . may require the responsible agency to show cause why it has refused to allow inspection or copying of a *specific public record or class of records*. The burden of proof shall be on the agency to establish that refusal to permit public inspection and copying is in accordance with a statute that exempts or prohibits disclosure in whole or in part of specific *information or records*.

(Emphasis added). The one-year statute of limitations under RCW 42.56.550(6) provides that

"[a]ctions under this section must be filed within one year of the agency's claim of exemption or

*the last production of a record on a partial or installment basis.*" (Emphasis added).

Whether RCW 42.56.550(6) bars Kozol's complaint is a question of statutory interpretation

we review de novo. *Bostain v. Food Express, Inc.*, 159 Wn.2d 700, 708, 153 P.3d 846 (2007).

The goal of statutory interpretation is to effectuate the legislature's intent. *Bostain*, 159 Wn.2d at

708. We first look to the plain language of the statute. *State v. Bunker*, 169 Wn.2d 571, 578, 238

P.3d 487 (2010). "[I]f the statute is ambiguous, meaning it is subject to two or more reasonable

interpretations, we resolve the ambiguity by looking at other indicia of legislative intent, including

legislative history." *Seashore Villa Ass'n*, 163 Wn. App. 531, 539, 260 P.3d 906 (2011).

In *Bartz*, we held that the legislature intended the one-year statute of limitations to apply

to an agency's single production of records. 173 Wn. App. at 538. We determined that it would

be "absurd to conclude" that the legislature intended that a more lenient two-year statute of

limitations would apply for one category of PRA responses and not apply for another. *Bartz*, 173

Wn. App. at 537. To support our determination, we looked to the 2005 amendment to the one-

4

year statute of limitations, which shortened the limitations period from five years to one year. *Bartz*, 173 Wn. App. at 537. In light of the legislative history, we determined that the one-year statute of limitations applies to PRA requests completed by a single response without any claimed exemptions. *Bartz*, 173 Wn. App. at 538.

We adhere to our holding in *Bartz* and conclude that the one-year statute of limitations applies to PRA requests completed by a single response without any claimed exemptions. Here, when looking at RCW 42.56.550 in its entirety, the language "or the last production of a record on a partial or installment basis" in subsection (6) is ambiguous in light of subsection (1)'s language referring to a party being denied the opportunity to inspect a single "record," or being denied the opportunity to copy "a specific public record or class of records." RCW 42.56.550(6), (1). The legislature's use of the word "record" in the singular, and use of the word "or" between a "specific public record" and "class of records" contemplates that a situation may occur where a party requests only one record that would not be disclosed on a partial or installment basis. Based on the reasonable application of the language in RCW 42.56.550(1), RCW 42.56.550(6) is ambiguous.

Because the language in the one-year statute of limitations is subject to more than one reasonable interpretation, we look to other indicia of legislative intent, including legislative history, to resolve the ambiguity. *Seashore Villa Ass'n*, 163 Wn. App. at 539. The same legislative history which we held supported the one-year statute of limitations in *Bartz* supports it with equal force here.

Moreover, the legislature explicitly included a provision of the PRA, RCW 42.56.550, to govern judicial review of actions under the PRA. And, RCW 42.56.550(6) contains an explicit statute of limitations. It follows that any action that is brought under RCW 42.56.550 must be governed by all the provisions of RCW 42.56.550. The legislature could not have intended us to look outside of RCW 42.56.550(6) to determine the applicable statute of limitations. The logical conclusion is that an agency's production of records in a single response, as contemplated by RCW 42.56.550(1), is governed by the one-year statute of limitations set out in that section.

Here, King County responded to Kozol's first request on December 23, 2010, and King County responded to Kozol's second request on January 25, 2011. Kozol filed his complaint in March 7, 2013. Therefore, the one-year statute of limitations under RCW 42.56.550(6) expired as to both records requests. Accordingly, we affirm the trial court's order granting summary judgment and dismissing Kozol's claim against King County.[2]

## ATTORNEY FEES

Kozol requests to be awarded all costs and expenses incurred in litigating this appeal. A prevailing party in a PRA action is entitled to reasonable attorney fees and all costs associated with litigation. RAP 18.1; RCW 42.56.550(4). Kozol's claim is barred by the statute of limitations, and we affirm the trial court's order on summary judgment. Therefore, Kozol is not the prevailing party and is not entitled to attorney fees and costs. Moreover, pro se litigants are

---

[2] Because Kozol's claim is barred by the statute of limitations we do not address Kozol's remaining claims regarding his motion to amend his complaint or his motion to strike King County's summary judgment reply brief.

not entitled to attorney fees for their work representing themselves. *Mitchell v. Dep't of Corr.*, 164 Wn. App. 597, 608, 277 P.3d 670 (2011).

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Bjorgen, A.C.J.

Melnick, J.