**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint Petition of | ) ) ) | No. 83282-4-I |
| DONALD BETTS, | ) ) | PUBLISHED OPINION |
| Petitioner. | ) ) | |

BOWMAN, J. — Donald Betts seeks relief through a personal restraint petition (PRP) from the decision of the Indeterminate Sentence Review Board (ISRB) denying him conditional release and extending his minimum term of confinement by 48 months. We dismiss his petition as time barred under RCW 4.16.130.

## FACTS

A jury convicted Betts of two counts of second degree rape and one count of first degree burglary in 2010. The trial court imposed concurrent indeterminate sentences of 194 months to life for each second degree rape conviction.[1] The Department of Corrections (DOC) calculated Betts' minimum term of confinement to expire on November 25, 2018.

---

[1] Betts received a concurrent 54-month determinate sentence for first degree burglary.

Citations and pin cites are based on the Westlaw online version of the cited material.

No. 83282-4-I/2

On July 10, 2018, the ISRB held a hearing to consider conditional release for Betts when his minimum term of confinement expired.[2] Betts attended the hearing, and a DOC classification counselor and a sex-offender treatment supervisor testified. The ISRB determined that Betts was not fit for conditional release, extended his minimum term of confinement by 48 months, and issued its final written decision on July 20, 2018. More than two years later, on November 16, 2020, Betts filed this PRP challenging the ISRB decision.

ANALYSIS

Betts claims he is unlawfully restrained because the ISRB abused its discretion when it found him unfit for conditional release and set a new minimum term of confinement. The ISRB argues Betts' PRP is time barred by the two-year statute of limitations under RCW 4.16.130. Betts insists there is no "limitation on the timeliness of PRPs attacking parole denials." He argues that "[b]ecause the Legislature did not set a corresponding limitation [in RCW 10.73.090] on the timeliness of PRPs attacking parole denials, [we] should conclude that no limitation exists." We agree with the ISRB.[3]

A PRP is a form of "collateral attack" for postconviction relief. RCW 10.73.090(2). It is "a specialized form" of "an original action established by the Supreme Court," and as a result, civil in nature. In re Pers. Restraint of Heck, 14 Wn. App. 2d 335, 340-41, 470 P.3d 539 (2020), review denied, 196 Wn.2d 1047,

---

[2] RCW 9.95.011(2)(a) requires the ISRB to review an offender for conditional release "not less than ninety days prior to the expiration of the minimum term."

[3] The ISRB also argues a preponderance of the evidence supported its decision that Betts was more likely than not to commit a future sex offense if released. Because we conclude Betts' PRP is time barred, we do not reach that issue.

481 P.3d 1096 (2021); In re Pers. Restraint Petition of Gentry, 137 Wn.2d 378, 409, 972 P.2d 1250 (1999).

Whether a statute of limitations applies to a cause of action is a question of law we review de novo. Bennett v. Computer Task Grp., Inc., 112 Wn. App. 102, 106, 47 P.3d 594 (2002). Under RCW 10.73.090(1),

> [n]o petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.

But a decision by the ISRB denying conditional release is not a "judgment and sentence in a criminal case." RCW 10.73.090(1); see Heck, 14 Wn. App. 2d at 340.

Decisions about conditional release do not arise until "after the end of the criminal prosecution, including imposition of sentence." Morrissey v. Brewer, 408 U.S. 471, 480, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972). So "the setting of a minimum term is not part of a criminal prosecution." In re Pers. Restraint Petition of Sinka, 92 Wn.2d 555, 566, 599 P.2d 1275 (1979); State v. King, 130 Wn.2d 517, 525, 925 P.2d 606 (1996). Further, the ISRB is not a judicial body; it is an executive agency taking administrative action. See Taggart v. State, 118 Wn.2d 195, 204, 207, 822 P.2d 243 (1992) (parole board granted quasi-judicial immunity as a governmental agency taking administrative action); see also In re Pers. Restraint of Lain, 179 Wn.2d 1, 16, 315 P.3d 455 (2013) (parole is an administrative decision); State v. Mulcare, 189 Wash. 625, 628, 66 P.2d 360 (1937) ("execution" of a sentence is not judicial; it is a power "administrative in character," vested in the administrative body according to the manner prescribed

3

No. 83282-4-I/4

by the legislature).  As a result, denial of conditional release is "an administrative act which follows sentencing."  King, 130 Wn.2d at 526-27 (citing In re Pers. Restraint Petition of Ayers, 105 Wn.2d 161, 164, 713 P.2d 88 (1986)).

And the ISRB's decision does not modify or amend the judgment and sentence.[4]  See In re Pers. Restraint of Addleman, 151 Wn.2d 769, 775, 92 P.3d 221 (2004) (While the ISRB exercises its discretion in determining whether to grant conditional release, "prisoners serving indeterminate sentences are not resentenced under the [Sentencing Reform Act of 1981, chapter 9.94A RCW].").  As a result, Betts' collateral attack on the ISRB decision denying conditional release is not an "attack on a judgment and sentence in a criminal case" as contemplated by RCW 10.73.090, and the one-year time bar under that statute does not apply.

Betts argues that because RCW 10.73.090 does not apply to a collateral attack of an ISRB decision, there is no time limit on his PRP.  We addressed a similar issue in Heck.  In that case, we determined that the time bar for collateral attack on a criminal judgment under RCW 10.73.090 does not apply to a PRP challenging prison disciplinary decisions by DOC.  Heck, 14 Wn. App. 2d at 340-41.  But we also concluded that since the PRP was civil in nature, "and no other statute or court rule expressly addresses time limits on filing in this context," the

---

[4] While the judgment and sentence informed Betts that the ISRB "may increase the minimum term of confinement," that language served merely to notify Betts of the ISRB's authority under RCW 9.95.011(1).  It did not empower the ISRB to change the court's sentence.

4

No. 83282-4-I/5

two-year " 'catch all' " statute of limitations in RCW 4.16.130[5] applies. Heck, 14

Wn. App. 2d at 340-41.[6]

We see no reason to distinguish the collateral attack of a DOC disciplinary

decision in Heck from Betts' collateral attack of an ISRB decision denying early

release. Both are civil in nature, and neither involves an attack on a criminal

judgment. Indeed, it would be an absurd result to contemplate that in light of two

arguably applicable statutes of limitation, the legislature intended no time

limitation at all. See Johnson v. Dep't of Corr., 164 Wn. App. 769, 777-78, 265

P.3d 216 (2011) (absurd to conclude legislature intended no time limit for actions

under the Public Records Act (PRA), chapter 42.56 RCW, when either the PRA

or RCW 4.16.130 arguably applied); Gronquist v. Dep't of Corr., 196 Wn.2d 564,

571, 475 P.3d 497 (2020) (when interpreting statutes, we presume the legislature

did not intend absurd results).

We conclude that the two-year statute of limitations under RCW 4.16.130

applies to Betts' collateral attack of the ISRB decision denying his conditional

---

[5] RCW 4.16.130 provides, "An action for relief not hereinbefore provided for, shall be commenced within two years after the cause of action shall have accrued."

[6] During oral argument, Betts cited for the first time In re Personal Restraint Petition of Runyan, 121 Wn.2d 432, 853 P.2d 424 (1993), in support of his argument that RCW 4.16.130 does not apply to his PRP. In that case, our Supreme Court acknowledged that before the enactment of RCW 10.73.090 in 1989, there was no time limit for habeas corpus petitions. Runyan, 121 Wn.2d at 443-44; LAWS OF 1989, ch. 395, § 2. According to Betts, the court's acknowledgment shows it rejected applying RCW 4.16.130 to PRPs because that statute was in effect when it decided Runyan. But Runyan addressed only petitions for a writ of habeas corpus challenging a criminal judgment and sentence. Runyan, 121 Wn.2d at 436-39. The Supreme Court did not consider whether RCW 4.16.130 applies to a collateral attack of an administrative decision. " 'Statements in a case that do not relate to an issue before the court and are unnecessary to decide the case constitute obiter dictum, and need not be followed.' " In re Pers. Restraint of Domingo, 155 Wn.2d 356, 366, 119 P.3d 816 (2005) (internal quotation marks omitted) (quoting Malted Mousse, Inc. v. Steinmetz, 150 Wn.2d 518, 531, 79 P.3d 1154 (2003)).

release.  Because Betts did not file his PRP within two years of the ISRB's final

written decision, we dismiss it as time barred.

*Brennan, J*

WE CONCUR:

*Coburn, J.*                    *Andrus, A.C.J.*